IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STACY COSTA, et al,                          )
                                             )
                    Plaintiffs,              )
                                             )
         v.                                  )   C.A. No. 24-188 (MN)
                                             )
WHIRLPOOL CORPORATION,                       )
                                             )
                    Defendant.               )

## MEMORANDUM OPINION

Scott M. Tucker, CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP, Wilmington, DE;
Timothy N. Mathew, Zachary P. Beatty, Alex M. Kashurba, Marissa N. Pembroke, CHIMICLES
SCHWARTZ KRINER & DONALDSON-SMITH LLP, Haverford, PA; Peter Bradford deLeeuw,
DELEEUW LAW LLC, Wilmington, DE; Daniel C. Levin, Nicholas J. Elia, LEVIN SEDRAN &
BERMAN, Philadelphia, PA; D. Aaron Rihn, Sara Watkins, ROBERT PEIRCE & ASSOCIATES,
Pittsburgh, PA; Nicholas A. Migliaccio, Jason S. Rathod, MIGLIACCIO & RATHOD LLP,
Washington, DC  – Attorneys for Plaintiffs

Bartholomew J. Dalton, Michael C. Dalton, DALTON & ASSOCIATES, P.A., Wilmington, DE;
Andrew M. Unthank, Jennifer Simon, WHEELER TRIGG O'DONNELL LLP, Denver, CO – Attorneys
for Defendant.

May 19, 2025
Wilmington, Delaware



**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is Plaintiffs' Motion for Reargument (D.I. 58) of the Court's March 21, 2025 Memorandum Opinion and Order granting-in-part and denying-in-part Defendant Whirlpool Corporation's ("Whirlpool" or "Defendant") motion to dismiss the Second Amended Class Action Complaint ("Complaint") for failure to state a claim ("the March 21 Order"). *Costa v. Whirlpool Corp.*, No. 24-188 (MN), 2025 WL 885245 (D. Del. Mar. 21, 2025). Plaintiffs moved for reargument on April 4, 2025. (D.I. 58, 59). Defendants filed their answering brief on April 21 and Plaintiffs replied on April 24. (D.I. 60, 62).

For the reasons set forth below, the motion is DENIED.

## I.    **LEGAL STANDARD**

To be "sparingly granted," Delaware Local Rule 7.1.5 allows for "[m]otions for reargument." D. Del. LR 7.1.5(a). "The purpose of a motion for re[argument] is to correct manifest errors of law or fact or to present newly discovered evidence." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (ellipses and citation omitted). "The standard for obtaining relief under Local Rule 7.1.5 is difficult to meet." *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622 (D. Del. 2011). "Such motions are granted only if it appears that the Court has [(1)] patently misunderstood a party, [(2)] has made a decision outside of the adversarial issues presented by the parties, or [(3)] has made an error not of reasoning but of apprehension." *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 379 (D. Del. 2016). Reargument "is not properly grounded on a request that a court rethink a decision already made," and "should not be granted if the proponent simply rehashes materials and theories already briefed, argued and decided." *Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, No. 19-1868 (MN), 2021 WL 1966406, at *1 (D. Del. May 17, 2021) (internal citations and

quotation marks omitted); *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, No. 21-1736 (RGA), 2024 WL 147780, at *2 (D. Del. Jan. 12, 2024).

## II.    **DISCUSSION**

In the March 21 Order, the Court dismissed Plaintiffs' claims for, among other things, violations of the Arizona, Florida, Illinois, Massachusetts, Michigan, Missouri, Nevada, New Jersey, and Tennessee state consumer statutes. *See* 2025 WL 885245 at *14, Appendix, Counts 1, 8, 10, 11, 13, 15, 17, 19, 21, & 25. Plaintiffs now challenge those dismissals.

To state a claim under each of those laws, a plaintiff must allege – with particularity,[1] no less – that the defendant made a material misstatement or omission in connection with the sale of a product or otherwise engaged in an "unfair" or "deceptive" trade practice. *Id.* at *3 & n.1; (D.I. 44, Tab 6). As Plaintiffs point out, however, these statutes do not require alleging a duty to disclose. (D.I. 47, Tab A; D.I. 59 at 4-7). Therefore, according to Plaintiffs, the Court "overlooked the correct legal standards for omission claims" and "dismissed these claims on inapplicable grounds." (D.I. 59 at 1).

The thrust of Plaintiffs' motion is that the Court did not address whether Whirlpool made a material omission in the March 21 Order. (*See* D.I. 59 at 7) ("The Court's opinion does not

---

[1]    *See, e.g.*, *Carson v. HP Inc.*, 750 F. Supp. 3d 376, 389-90 & nn.17-18 (D. Del. 2024) (generally); *In re U.S. Vision Data Breach Litig.*, 732 F. Supp. 3d 369, 379 (D.N.J. 2024) (Arizona); *Diaz v. FCA US LLC*, No. 21-906 (EJW), 2022 WL 4016744, at *23 (D. Del. Sept. 2, 2022) (Florida); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, No. 03-4558 (HAA), 2008 WL 4126264, at *26 (D.N.J. Sept. 2, 2008) (Illinois); *Carson*, 750 F. Supp. 3d at 389-90 & n.17 (Massachusetts); *Hale v. Stryker Orthopaedics*, No. 08-3367 (WJM), 2009 WL 321579, at *8 (D.N.J. Feb. 9, 2009) (Michigan); *McCoy v. Samsung Elecs. Am., Inc.*, No. 21-19470 (JKS), 2024 WL 3717299, at *4 (D.N.J. Aug. 8, 2024) (Missouri); *Kirchner v. Wyndham Vacation Resorts, Inc.*, No. 20-436 (CFC), 2021 WL 1198314, at *2 (D. Del. Mar. 30, 2021) (Nevada); *Canfield v. FCA US LLC*, No. 17-1789 (MN), 2019 WL 1089798, at *4 (D. Del. Mar. 8, 2019) (New Jersey); *Adkins v. Bristol-Myers Squibb Co.*, No. 07-901 (FLW), 2009 WL 5216986, at *5 (D.N.J. Dec. 30, 2009) (Tennessee).

directly address materiality.").  But the March 21 Order did just that: it found that "Plaintiffs fail to allege a misstatement, *omission*, or duty to disclose." 2025 WL 885245, at *8 (emphasis added). The Court explained that Plaintiffs failed to allege *either* that Whirlpool made a material omission *or* had a duty to disclose, because the Complaint did not plausibly plead that (1) Whirlpool's product testing showed a defect; (2) Whirlpool had exclusive or superior knowledge of the alleged defect; (3) the alleged defect was material; or (4) that Whirlpool concealed the alleged defect. *Id.* at *5-8.  Specifically, the March 21 Order found that Plaintiffs' "allegations stop short of alleging that specific tests *in fact* revealed the defect," "have not adequately alleged a material safety defect," "are not a plausible basis for fraudulent concealment," and do not plausibly "rule out . . . that Whirlpool[] . . . [had] nothing to disclose." *Id.* at *5-8 ("Nor does the Complaint adequately allege that testing alerted Whirlpool that the products would fail early.").  On the basis of those findings, the Court held that "Plaintiffs fail to allege a[n] . . . omission," and "dismiss[ed] all common law *and state statutory claims* requiring th[at] element[]." *Id.* at *8 (emphasis added).

Contrary to Plaintiffs contentions, moreover, the Court did directly address materiality.  It explained that, "[i]n consumer products cases like this one, a material fact is one that 'is likely to influence the purchasing decision' of a reasonable consumer, in light of the total mix of facts available at the time of purchase." *Id.* at *7 (citation omitted) ("The duty to disclose does not implicate every fact known to a manufacturer, however.  It encompasses only 'material' facts."). It then went on to find that "the Complaint fails to allege that the safety hazard constituted a material risk," because "the allegations offered by Plaintiffs . . . work equally to support the opposite inference: . . . that the risk was immaterial." *Id.* at *8.

Plaintiffs contend that the Court's implied warranty of merchantability analysis nonetheless establishes a material defect that was omitted.  (D.I. 59 at 7).  They argue that "[a]

defect that renders the refrigerator unfit for ordinary use is clearly important to a reasonable consumer." (*Id.*). But a breach of warranty claim is an inapt tool with which to conduct the omission calculus. *See, e.g.*, *Saint-Gobain Indus. Ceramics Inc. v. Wellons, Inc.*, 246 F.3d 64, 73 (1st Cir. 2001) ("A breach of warranty alone does not necessarily give rise to a [Massachusetts consumer protection statute] violation."). Quite the opposite, the purpose of a warranty is to insure the customer against all manner of defects, ranging from the possible to the unknown. Accepting Plaintiffs' argument to the contrary would effectively subject every consumer goods manufacturer to fraud liability for failing to disclose any one of the manifold "defects in materials or workmanship" that could befall a product. 2025 WL 885245, at *8. And it would turn the molehill of the implied warranty doctrine into a veritable mountain.

Even setting all that aside, Plaintiffs still cannot get around the fact that the alleged defect was not omitted, concealed, or borne out by Whirlpool's testing. *Id.* Instead, it was covered by the Limited Warranty, *id.* ("[T]he Complaint is rife with allegations that Whirlpool sought to honor the Limited Warranty with respect to this very problem."), and, at least for the Named Plaintiffs, "the defect took time to manifest." *Id.* at *7 (citing *Smith v. Gen. Motors LLC*, 988 F.3d 873, 886 (6th Cir. 2021) ("Plaintiffs' argument implies that [Defendant] knew about the . . . defect when it sold the [products] even though the defect took time to manifest. That makes little sense.")).[2] It therefore cannot serve as the basis of a material omission claim.

---

[2]    As in the March 21 Order, because the Court finds that Plaintiffs have failed to allege a material misstatement, omission, or duty to disclose, the Court again declines to consider Plaintiffs' knowledge argument. *See* 2025 WL 885245, at *8 n.3.

### III.    <u>**CONCLUSION**</u>

In sum, to repeat the March 21 Order's holding, "Plaintiffs fail to allege a misstatement, omission, or duty to disclose."  2025 WL 885245, at *8.  Plaintiffs' Motion for Reargument is, therefore, DENIED (D.I. 58).  An appropriate order will follow.