**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| STACY COSTA, RYAN BUTLER, MARK GANDARA, NATHANIEL GUERRERO, DAVID HAYDEN, PATRICK KEMPF, WALLACE MCDUFFEY, TIMOTHY MIDDLEBROOKS, MISSY ROBINSON, MISTY ROMBACH, KRISTEN TATA, MELANIE FIORUCCI, LAMONT KINCAID, and LESLIE LAMANNA individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00188-MN |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, this Court, having carefully reviewed and considered all the filed submissions relating to the proposed Class Action Settlement Agreement and Release ("Agreement" or "Settlement," D.I. 90-2), including the Joint Motion for Final Approval, Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses and For Service Awards (hereinafter, the "Motions"), Plaintiffs' briefs and reply briefs in support of the Motions, all declarations and exhibits submitted in support of the foregoing, and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (D.I. 91) ("Preliminary Approval Order"), which granted preliminary approval of the Settlement, provisionally certified, for settlement purposes only, the proposed Settlement

Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; preliminarily appointed the Class Representatives, Class Counsel, and the Settlement Administrator; approved the form and content of the various forms of notice and Claim Form; approved the Parties' Notice Plan set forth in the Settlement as the best notice practicable under the circumstances and comporting in all respects with Rule 23(e) and due process; and directed the dissemination of the various forms of notice pursuant to the Notice Plan;

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on July 9, 2026, and having carefully considered all the submissions, arguments, and applicable law and with due deliberation thereon.

**NOW, this Court hereby GRANTS the Motions, and finds, orders, and adjudges as follows:**

1. This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over this Action, Plaintiffs, all Settlement Class Members, Defendant, and any party to any agreement that is part of or related to the Settlement.

3. The Court hereby grants approval of the Settlement and all the terms and provisions of the Agreement. The Court finds that the Settlement is fair reasonable, and adequate, and in all respects satisfies the requirement of Rule 23 of the Federal Rules of Civil Procedure and the applicable law.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for settlement purposes only, the following Settlement Class:

> All persons who purchased (other than for resale) or otherwise obtained in accordance with Section IV.A.1 of the Agreement, a Class Refrigerator for

> residential use within the United States and its territories from Defendant or its authorized resellers.[1]
>
> Excluded from the Settlement Class are (i) officers, directors, and employees of Whirlpool or its parents, subsidiaries, or affiliates, (ii) attorneys appearing in this case and their household members, (iii) insurers of Settlement Class Members, (iv) subrogees or all entities claiming to be subrogated to the rights of a Class Refrigerator purchaser, a Class Refrigerator owner, or a Settlement Class Member, (v) issuers or providers of extended warranties or service contracts for Class Refrigerators, and (vi) persons who timely and validly exercised their right to be removed from the Settlement Class, as described below.

5. The Court finds, solely for purposes of the Settlement, that the criteria under Rules 23(a) and 23(b)(3) for certification of the Settlement Class are satisfied in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (c) the claims of the Settlement Class representatives are typical of the claims of the Settlement Class; (d) the Settlement Class representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. And Rule 23(b)(3) is satisfied because the Class is sufficiently numerous and shares common, predominating questions of fact and law and a class action is superior to other methods of adjudication of the controversy.

6. The Court further finds that the Settlement was entered into as a result of extensive and adversarial arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, was entered into with

[1] "Class Refrigerators" means side-by-side style Whirlpool-, Maytag-, KitchenAid-, and Jenn-Air-branded refrigerators manufactured by Whirlpool with in-door ice makers and dispensers and bearing the model numbers set out on Settlement Exhibit 2 and within the serial number range HR8180000 - HRA399999.

a sufficient understanding by counsel of the strengths and weaknesses of their respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the amounts of Class Representative Service Awards and Class Counsel's reasonable attorneys' fees and litigation costs and expenses were not discussed by the Parties, let alone agreed to, until after agreement had already been reached on the material terms of this Settlement and the parameters of the Notice Plan, and were, likewise, negotiated at arm's length and without any collusion.

7. The Court finds that the Settlement is fair, reasonable, and adequate, and in all respects satisfies Rule 23. In reaching this finding, the Court has specifically considered the factors relevant to class settlement approval as required by Rule 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975), and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), including, *inter alia*, whether the Class Representatives and Class Counsel have adequately represented the Settlement Class, whether the Settlement was negotiated at arm's length, the relief provided to the Settlement Class, taking into account the costs, risks and delay of trial and appeal, the effectiveness of distributing payments to Settlement Class Members; the terms of the proposed attorneys' fees, including timing of payment, and any agreements required to be identified under Fed. R. Civ. P. 23(e)(3) (of which there are none); and whether the proposal treats class members equitably relative to one another. Further, the Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case, including but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery

to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the action.

8. The Court finds that the dissemination of notice to the Settlement Class: (a) was implemented in a timely and proper fashion in accordance with the Parties' approved Notice Plan as set forth in the Agreement and Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; and (c) in all respects satisfied the requirements of Rule 23(e), the Constitution of the United Sates (including the Due Process Clause), and all other applicable laws and rules.

9. The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Claims Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where Settlement Class Members reside and of Puerto Rico. No Attorney General has filed any objection to, or voiced any concern over, the Settlement or any of its terms and provisions. Further, more than ninety days have elapsed since notice was provided pursuant to CAFA and the Final Approval Hearing.

10. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Court hereby grants final approval and appointment of Plaintiffs as Class Representatives. The Court finds that the Class Representatives have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

11. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby grants final approval and appointment of Timothy N. Mathews, Scott M. Tucker, Zachary P. Beatty,

Alex M. Kashurba, and Marissa N. Pembroke of Chimicles Schwartz Kriner & Donaldson-Smith LLP as Lead Class Counsel. Further, the Court appoints Peter Bradford deLeeuw of deLeeuw Law LLC; Daniel C. Levin and Nicholas J. Elia of Levin Sedran & Berman; D. Aaron Rihn and Sara Watkins of Robert Pierce & Associates; and Nicholas Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP as additional Class Counsel. The Court finds that said counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interest of the Settlement Class.

12. Upon consideration of Lead Class Counsel's Moton for an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses and for Service Awards to Class Representatives, and all papers submitted in support thereof, the Court hereby finds the amounts reasonable and grants the Motion. Lead Class Counsel are hereby awarded attorneys' fees in the amount of $2,750,000, reimbursement of litigation costs and expenses in the amount of $60,000, and the Court further awards each of the Class Representatives a $5,000 Service Award. Lead Class Counsel shall have the authority to determine and make an allocation of the award of Attorney Fees and Expenses to Class Counsel and any counsel representing any of the Settlement Class who claim an entitlement to share in any fees or costs approved by the Court and paid by Whirlpool.

13. Pursuant to Rule 23(c), the Court further grants final approval and appointment of Angeion Group as the Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement.

14. Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement and were duly advised of the deadlines and procedures for doing so. The Court finds that the lack of objections and the very small number of

requests for exclusion demonstrate overwhelmingly that the Settlement Class favors the Settlement, and further support that the Settlement is fair, reasonable, and adequate, and warranting final approval by this Court.

15. A list of Settlement Class Members who timely requested exclusion is attached hereto as Exhibit A. The Settlement Class Members listed in Exhibit A are excluded from the Settlement and Release.

16. Any and all objections to the Settlement, if any, having been duly considered, are overruled.

17. The Parties are directed to perform all obligations under the Settlement in accordance with its terms and provisions.

18. The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement, including but not limited to the Released Claims against the Releasees contained therein, and the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, completely and forever released, acquitted, and discharged Releasees from all Released Claims as set forth in the Agreement, incorporated herein by reference, except for the persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

19. The Action is hereby dismissed with prejudice and without costs except as otherwise stated herein.

20. Neither this Settlement, the Agreement, its negotiations, any agreements, documents, motions, submissions, and/or Orders relating thereto, nor this Final Approval Order and Judgment, shall, in any way, constitute, be deemed to constitute, be construed as, or be

admissible in any action or proceeding (judicial or otherwise) as: (i) any admission by any Releasee as to the merits of any allegation, claim, or defense that was or could have been asserted in this Action; (ii) any evidence, or finding of either fact or law, as to any allegation, claim, or defense that was or could have been asserted in the action; (iii) any admission or evidence of any liability, fault, wrongdoing, or responsibility on the part of the Releasees; and/or (iv) shall not be offered or be admissible against any Releasee or the Plaintiffs in any action or proceeding (judicial or otherwise), except as may be necessary to enforce the terms of the Settlement and/or this Final Approval Order and Judgment.

21. Without further order of this Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

22. Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Releasees (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

23. Without affecting the finality of this Final Approval Order and Judgment, this Court

hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court of, over, and with respect to, the consummation, implementation, and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement and its terms, or the applicability of the Settlement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Releasee.

**IT IS SO ORDERED AND ADJUDGED this 9th day of July 2026..**

Maryellen Noreika

Honorable Maryellen Noreika
United States District Judge

# Exhibit A

**List of Timely Settlement Opt Outs**

1. Toula Joseph
2. Judith Pyska
3. Kurt Danis
4. Mindy Rosenthal
5. Merial Fitzgerald